UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RASHEEM GILLIARD, | ) |
|       Plaintiff, | ) |
| v. | ) Civil Action No. 1:25-cv-02655 (UNA) |
| BB&T BANK, et al, | ) |
|       Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of Plaintiff's *pro se* Complaint ("Compl."), ECF No. 1, and Application for Leave to Proceed *in forma pauperis* ("IFP App."). For the reasons discussed below, it dismisses the complaint, and this matter, without prejudice.

At the outset, the Court denies Plaintiff's IFP Application. Whether to permit or deny an application to proceed IFP is within the sound discretion of the Court. *See Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir.), *cert. denied*, 488 U.S. 941 (1988); *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir.), *cert. denied*, 375 U.S. 845 (1963). Plaintiff attests that he earns "21 million dollars . . . per second," that he has also receives a portion of an inheritance bi-weekly, *see* IFP App. at 1, and that he possesses numerous stocks, estates, and real property, *see id*. at 2. He has thus failed to demonstrate that he cannot "pay or give security for the costs" of this case due to poverty. *See McKelton v. Bruno*, 428 F.2d 718, 719–20 (D.C. Cir. 1970).

Plaintiff's Complaint fares no better. Plaintiff, a resident of the District, who holds himself out as a U.S. and U.K. diplomat and King George VI, *see id*. at 1–3, 5, sues BB&T Bank, South Carolina Federal Court Union, First Federal Bank, and Wells Fargo, *see id*. at 2–3. The allegations are rambling and difficult to follow, seemingly rooted in Plaintiff's belief that Defendants, and others, have "stalked" him for his "fortune," and obscured trillions of dollars of his diplomatic

proceeds and railroad inheritance by changing his bank account identifiers. *See id*. at 4. He alleges that "during the period of conflict and present [his] accounts flash off and on. Later disappeared. Several proceeds are deposited in the capital accounts/and custodian accounts. In addition several properties were stolen by several banks." *Id.* at 3–4. He contends that these events have caused him financial harm. *See id.* at 4. No additional context or cognizable facts are provided. The relief sought, if any, is unclear.

Federal Rule 8(a) requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). Notably, "[a] confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (cleaned up). And when a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it also fails to fulfill the requirements of Rule 8. *See Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom*. *Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017).

The instant Complaint falls squarely within this category. Plaintiff presents broad conclusory statements within a mess of tangled assertions, failing to provide Defendants or the Court with adequate notice of a viable claim. Accordingly, this case is dismissed without prejudice. A separate Order accompanies this Memorandum Opinion.

Date: November 14, 2025

TREVOR N. McFADDEN
United States District Judge